# CIRCUIT COURT OF THE CITY OF RICHMOND

Shannon L. Stone

v.

Mark A. Stone

January 23, 1997

Case No. LX-1309-3

BY JUDGE MELVIN R. HUGHES, JR.

In this case, the jury returned a verdict for plaintiff but assessed the damages at zero. Following, the plaintiff moved for a set aside and a new trial on damages or alternatively a new trial on all issues. Plaintiff also asked for additur pursuant to Va. Code Ann. § 8.01-383.1(B). Defendant moved that judgment be entered on the verdict. The court decides that the plaintiff shall have additur and fixes the judgment award at $7,000.00.

The facts shown by the evidence can be summarized as follows. Plaintiff (Mrs. Stone) was a rear seat passenger in a vehicle driven by her husband, the defendant (Mr. Stone). Accompanying them in the vehicle was another married couple, the Egglestons. The vehicle was owned by Mr. Eggleston who was riding in the front passenger seat. Mr. Stone had intentions to purchase the vehicle from Mr. Eggleston.

The collision that gives rise to Stone's claim occurred either just before or a short distance on the Huguenot Bridge after the defendant attempted to go onto the bridge from an entrance ramp. Upon merging into the travel lane for the bridge Stone's vehicle was struck in the rear by a vehicle driven by John Faucette resulting in damage to the left rear quarter panel. There was a dispute in the testimony regarding the point of impact: whether on the bridge itself or just shy of the bridge on the street leading up to the bridge.

There was evidence in the form of a previously recorded testimony of John Faucette, the driver of the other vehicle involved in the accident. He testified that he was driving toward the bridge when he saw Mr. Stone's car come out

of the entrance ramp. He said he had no time to take evasive action and that the vehicles collided in the area of the merge. He later said he tried to evade "but it wasn't enough." Accordingly, this testimony along with other evidence in the case, supplied facts on which the jury could conclude that Mr. Stone was negligent.

In Instruction No. 14, a finding instruction, the jury was told that it could find for the plaintiff if she proved that the actions of the defendant were negligent and that that negligence proximately caused plaintiff's injuries and damages. Apparently, the jury so found. The question then becomes whether, having found negligence and proximate cause, the jury was free to determine that no damages flowed from that finding.

The evidence on damages consisted of plaintiff's testimony and that of treating physicians who described soft tissue injury to plaintiff's neck and back along with consequent discomfort and pain. Plaintiff's medical specials amounted to $3,409.75. Except for questioning regarding the extent and duration of Mrs. Stone's injuries, there was no other dispute in the evidence regarding plaintiff's injuries. Therefore, the court concludes that the jury, having found for plaintiff in the verdict, was not free to disregard the evidence and assess the damages at nothing. See *Bradner v. Mitchell*, 234 Va. 483 (1987). Pursuant to plaintiff's alternative motion for additur, the court will order that the damages be set at the amount of $7,000.00. Defendant may accept this or elect a new trial. If a new trial is elected, it will be had on all issues.